(60 Misc. Rep. 143.)

## MARKS v. GOETCHIUS et al.

(Supreme Court, Special Term, Madison County. July, 1908.)

1. ARREST (§ 32*)—ORDER—AFFIDAVIT.

An order of arrest cannot be issued on an affidavit sworn to in another state where the official character of the notary and the genuineness of his signature are not certified to as required by Code Civ. Proc. § 844.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. § 71; Dec. Dig. § 32.*]

2. ARREST (§ 32*)—MOTION TO VACATE—WAIVER.

A defendant does not waive his right to move to vacate an order of arrest under Code Civ. Proc. § 567, by giving bail.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. § 71; Dec. Dig. § 32.*]

3. ARREST (§ 44*)—VACATING ORDER—CONDITIONS.

On vacating an order of arrest because granted without jurisdiction, the court cannot require defendant to stipulate not to sue the plaintiff for false imprisonment.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. § 110; Dec. Dig. § 44.*]

Action by Charles R. Marks against Harry B. Goetchius and John Condit Smith. Motion to vacate order of arrest. Granted.

Alexander, Watriss & Polk (H. W. Coley, of counsel), for plaintiff. Gignoux & Ried, for defendants.

COMAN, J. The order of arrest in this action was granted June 1, 1908. The defendant was arrested June 23, 1908. The order to show cause was granted July 9, and returnable July 14, 1908. The order of arrest was granted solely upon what purported to be an affidavit made by Charles R. Marks, the plaintiff herein, purporting to have been verified in the county of Suffolk, in the commonwealth of Massachusetts, before one Abram Alexander, notary public. There are no certificates accompanying said affidavit as to the official character of the notary and the genuineness of his signature as required by section 844 of the Code of Civil Procedure. My conclusion is, and in the written briefs submitted upon this motion this is not seriously disputed, that the affidavit was a nullity, and that the situation is exactly as if the order of arrest had been granted upon an unverified, oral or written, declaration of the plaintiff. Under these circumstances, I think the justice who granted the order was without jurisdiction.

It is seriously contended, however, on the part of the plaintiff, that the defendant by giving bail has waived all questions as to the regularity and sufficiency of the papers upon which the order of arrest was granted. There is some confusion in the authorities in this state upon this question, but I think it is now the settled law that the defendant does not by giving bail waive his right to move to vacate the order of arrest within the time prescribed by section 567 of the Code of Civil Procedure. It would be a very harsh and unreasonable rule in my judgment to require the defendant thus arrested to submit to actual incarceration in prison pending his motion to vacate in order to preserve his rights. The case of Mackay v. Lewis, 7 Hun, 83, seems to be the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

controlling authority upon this question and to overrule the previous Special Term decisions holding a contrary doctrine. The motion to vacate the order of arrest must be granted for the reasons above stated.

It is suggested by counsel for the plaintiff that as a condition for granting this order the defendant should be required to stipulate not to sue the plaintiff for false imprisonment. I have reached the conclusion that I have no power to make such a condition. Cases are called to my attention in which such conditions have been imposed upon vacating an order of arrest, but no authoritative case is cited to that effect, where the defendant was entitled to have the order vacated as a matter of right. Faulkner v. Morey, 22 Hun, 379. In such cases I think the authorities are unanimous that the court has no such power.

Motion granted.